**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | NO. 2:02-cr-61 |
| | ) | 2:07-cv-43 |
| TIMOTHY JOE JULIAN, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Petition for Habeas Corpus Relief Pursuant to Title 28 of the United States Code § 2255, By A Prisoner in Federal Custody, filed by Petitioner, Timothy Joe Julian, through his counsel, on February 15, 2007. For the reasons set forth below, the section 2255 motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**.

BACKGROUND

Petitioner, Timothy Joe Julian, was convicted by a jury of knowingly and intentionally conspiring to travel in foreign commerce for purposes of engaging in a sexual act with a juvenile in violation of 18 U.S.C. section 2423(b) (Count One), and transportation of an individual with intent to engage in

prostitution and aiding and abetting, in violation of 18 U.S.C. section 2421 and section 8 (Count Two).  Julian was sentenced to 180 months imprisonment on Count One, to be served consecutively with the term of imprisonment of 120 months on Count Two (300 months total), followed by 3 years of supervised release.

Petitioner filed a notice of appeal to the Seventh Circuit, and on October 24, 2005, the Court affirmed Julian's convictions and sentence.  *See United States v. Julian*, 427 F.3d 471 (7th Cir. 2005).  Julian then filed a petition for writ of certiorari from the United States Supreme Court.  That request was denied by the Supreme Court on February 27, 2006.  Julian timely filed the current section 2255 motion on February 15, 2007, and submitted a memorandum of law in support.  The Government filed its response on May 24, 2007.  Having been fully briefed, this motion is now ripe for adjudication.

Julian proclaims actual innocence, argues that the Government presented insufficient evidence, and contends that his counsel was ineffective.  In response, the Government argues that the evidence against Julian at trial was strong, and that Julian has not demonstrated ineffective assistance of counsel.

The facts of this case are set out in great detail in the Seventh Circuit's opinion.  *See Julian*, 427 F.3d 471.  For the sake of judicial economy, the Court will not repeat the facts here, but rather incorporates them as set forth by the Seventh Circuit.

DISCUSSION

Relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  In order to proceed on a petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal.  *Id.*; *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).  As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313.  Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the

3

district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

Actual Innocence

For a petitioner to establish actual innocence, they must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *See Bousley v. United States*, 523 U.S. 614, 623(1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986) (requiring a post-conviction petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."). As the Government points out, actual innocence means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 624. "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324. The Supreme Court has recognized that "[b]ecause such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* In fact, "in virtually every case, the allegation of actual innocence has been summarily

4

rejected." *Id.*

Julian claims actual innocence based on the argument that the Government failed to present evidence that he knowingly transported a Mexican national (Armando) into the United States with the intent that such person engage in prostitution. First, Julian argues, without providing any citations to the record, that he had withdrawn from the conspiracy by October 30, 1998. The Seventh Circuit directly addressed and rejected this argument, stating "[h]aving thoroughly reviewed the record, we are satisfied that no reasonable jury would have found that Julian withdrew from the conspiracy prior to October 30 . . . Julian did not take any affirmative acts to shut down CVM [Castillo Vista del Mar] or to signal to Decker that he no longer wanted any part of the (illegal) business." *Julian*, 427 F.3d at 483. Julian has not provided this Court with any new evidence in support of this contention, thus it is not persuasive.

Second, Julian argues (again with no direct citations to the record), that the Government failed to present any evidence that Julian knowingly transported a Mexican national into the United States with the intent that such individual engage in prostitution. However, because Julian remained a member of the conspiracy after October 30, "he was therefore liable for its acts, and subject to the applicable criminal penalties, after that date." *Id.* at 483. Moreover, having reviewed the evidence, the Seventh Circuit found

5

that it "readily supports the inference that Julian facilitated Armando's migration to the United States with the intent that Julian engage in prostitution" and the evidence "supports the inference that prostitution was a significant reason for Armando's entry into the United States." *Id.* at 484-85. As such, Julian's argument that the Government did not show that prostitution was a significant reason for the trip fails.

The Seventh Circuit already rejected Julian's contention that prostitution must have been the sole or dominant purpose of the entry, and this Court concurs. "A defendant need not facilitate someone's interstate or foreign travel with the *sole* or *principal* intent that he engage in prostitution in order to be liable under section 2421, so long as prostitution was a significant motive." *Id.* at 485 (emphasis in original) (citing *United States v. Snow*, 507 F.2d 22, 24 (7th Cir. 1974); *United State v. Vang*, 128 F.3d 1065, 1071-72 (7th Cir. 1997)). In this case, the evidence supported the inference that prostitution was a significant reason for Armando's entry into the United States, thus no jury instruction was needed regarding the dominant purpose of the trip. *Julian*, 427 F.3d at 485.

In further support of his actual innocence argument, Julian argues that all of the witnesses who testified at trial were accomplices, arguing there was a "likelihood of fabrication." (Mem. Of Law In Supp. Of 2255, p. 13.) Julian provides no support

6

in the record for this assertion, nor any authority whatsoever. Julian has failed to point to any new evidence to support his claim that he is actually innocent. Bald assertions are insufficient. *See Schlup*, 513 U.S. at 324 (requiring a claim of actual innocence be supported with "new reliable evidence."). Because Julian has come nowhere near satisfying the stringent standard of providing new reliable evidence (he has provided no new evidence at all), his claim of actual innocence fails.

Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are governed by the 2-pronged test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). To establish a claim of constitutionally ineffective assistance of counsel, a defendant must show that his attorney's representation was deficient, and that the deficiency prejudiced the defendant. *Wiggins v. Smith*, 539 U.S. 510 (2003).

To prevail on an ineffective assistance of counsel claim, the Defendant must first show the specific acts or omissions of his attorney "fell below an objective standard of reasonableness" and were "outside the wide range of professionally competent assistance." *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 688, 690); *see also Hardamon v. United States*, 319 F.3d 943, 948 (7th Cir. 2003); *Anderson v. Sternes*, 243 F.3d 1049, 1057 (7th Cir. 2001). Great deference is

7

given to counsel's performance and the Defendant has a heavy burden to overcome the strong presumption of effective performance. *Strickland*, 466 U.S. at 690; *Coleman v. United States*, 318 F.3d 754, 758 (7th Cir. 2003) (citation omitted); *Galowski v. Berge*, 78 F.3d 1176, 1180 (7th Cir. 1996) (when examining the performance prong of the *Strickland* test, a court must "indulg[e] a strong presumption that counsel's conduct falls within the wide range of reasonable assistance."). Defendant must establish specific acts or omissions that fall below professional norms. *Strickland*, 466 U.S. at 690.

To establish the prejudice component of the *Strickland* test, a defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wiggins*, 539 U.S. at 534. Such a "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* This does *not* mean a petitioner must show that his attorney's ineffectiveness "'more likely than not altered the outcome of the case.'" *United States ex rel. Hampton v. Leibach*, 347 F.3d 219, 246 (7th Cir. 2003) (quoting *Strickland*, 466 U.S. at 693). Instead, "[e]ven if the odds that the defendant would have been acquitted had he received effective representation appear to be less than fifty percent, prejudice has been established so long as the chances of acquittal are better than negligible." *Id.* (citing *Miller v. Anderson*, 255 F.3d 455, 459

(7th Cir. 2001), *judgment modified,* 268 F.3d 485 (7th Cir. 2001)). Additionally, when examining the prejudice prong, a court must attach a "strong presumption of reliability" to the original verdict. *Kavanagh v. Berge*, 73 F.3d 733, 735 (7th Cir. 1996) (citation omitted). Unless a defendant satisfies both parts of the *Strickland* test, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *United States v. Fish*, 34 F.3d 488, 492 (7th Cir. 1994).

Julian claims that counsel was ineffective for failing to properly challenge the admission of Julian's prior conviction for sexual assault of a minor. Over Julian's objection, this Court allowed the Government to introduce evidence regarding the prior conviction pursuant to Federal Rule of Evidence 413, concluding that the prior offense was relevant to Julian's knowledge and intent relating to his CVM involvement. (Feb. 11, 2003 Tr. (Vol. 2) at 139-40; Feb. 12, 2003 Tr. (Vol. 3) at 5.) The Seventh Circuit analyzed this argument in depth and concluded that "[w]e cannot say that the district court abused its discretion in admitting evidence of the 1986 assault in view of the defense that Julian pursued at trial." *Julian*, 427 F.3d at 487. Moreover, Julian has provided no evidence showing that his counsel provided substandard assistance on this issue and that Julian was prejudiced as a result.

9

Although Julian discusses the proper standard for an ineffective assistance of counsel claim for 12 pages (Mem. Of Law In Supp. Of 2255, at 17-29), and generally argues that counsel failed to properly argue the affirmative defenses and "failed to attack issues that were exculpatory and that the verdict would have been different had these matters been litigated," (*Id.* at 30), Julian points to no specific attorney conduct that fell below an objective standard of reasonableness.  This runs contrary to *Strickland*'s requirement that the defendant must identify specific acts or omissions that fall below professional norms. *Strickland*, 466 U.S. at 690; *see also United States v. Moya-Gomez*, 860 F.2d 706, 763-64 (7th Cir. 1988) ("the defendant must identify the specific acts or omissions of counsel that formed the basis for his claim of ineffective assistance.").

Given the high degree of deference the Court accords to trial counsel's actions, the Court cannot say that Julian was deprived of effective assistance of counsel at the trial stage.  Julian has failed to establish both prongs of *Strickland* - Julian has not shown that his trial counsel's choices fell below an objective standard of reasonableness, and he has failed to further establish that but for the alleged deficient performance, there is a reasonable probability that the trial would have turned out differently.  *Strickland*, 466 U.S. at 688, 693-94.  The Court therefore rejects Julian's ineffective assistance of counsel claim.

10

CONCLUSION

For the aforementioned reasons, the section 2255 motion is **DENIED**.  The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**.


DATED: December 5, 2007           /s/ RUDY LOZANO, Judge
                                  United States District Court