**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| TIMOTHY JOE JULIAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 2:02-cr-61 |
| | ) | (2:07-cv-43) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Reopen, filed by Petitioner, Timothy Julian, on November 23, 2009. For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

Following a jury trial, Petitioner was convicted by a jury of knowingly and intentionally conspiring to travel in foreign commerce for purposes of engaging in a sexual act with a juvenile in violation of 18 U.S.C. section 2423(b) (Count One), and transportation of an individual with intent to engage in prostitution and aiding and abetting, in violation of 18 U.S.C. section 2421 and section 8 (Count Two). Julian was sentenced to 180 months imprisonment on Count One, to be served consecutively with the term of imprisonment of 120 months on Count Two (300

months total), followed by 3 years of supervised release. The Seventh Circuit affirmed his sentence on a direct appeal. On February 27, 2006, the United States Supreme Court denied Julian's request for certiorari.

On February 15, 2007, Petitioner filed a motion under 28 U.S.C. section 2255 through his counsel, James Butler, asking that his sentence be vacated, set aside, or corrected as a result of actual innocence, insufficient evidence presented by the Government at trial, and ineffective assistance of counsel. This Court denied Petitioner's section 2255 motion in an order dated December 5, 2007, and judgment was entered on December 6, 2007. In an effort to appeal this Court's denial of his section 2255 petition, Julian's counsel filed a "certificate of appealability" on March 6, 2008, which this Court treated as a notice of appeal. This Court denied the request for a certificate of appealability on March 18, 2008.

The Seventh Circuit then issued an order on October 1, 2008, dismissing the appeal for lack of jurisdiction because the notice of appeal was not timely filed (it was one month late). Julian has now filed the instant Motion to Reopen, asking the Court to reopen the time to file and appeal under Federal Rule of Appellate Procedure Rule 4(a)(6). Julian argues that neither he nor his counsel received notice from the Clerk of the Court of the 2255 ruling. Moreover, Julian contends that in response to an inquiry,

he just received notice of the ruling on November 13, 2009.

DISCUSSION

Under Federal Rule of Appellate Procedure 4(a)(1), Julian had sixty days from the date of this Court's judgment, or until February 4, 2008, to file his notice of appeal for the 2255. *See* Fed. R. App. 4(a)(1). Yet Julian claims he and his counsel, Butler, did not receive a copy of this Court's judgment prior to the expiration of this sixty-day period. Accordingly, Julian seeks to reopen the time in which to file a notice of appeal pursuant to Fed. R. App. 4(a)(6):

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if **all** the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) **the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier**; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added).

In this case, Julian's request to reopen the time to file an appeal is untimely. Julian alleges he received notice under Federal Rule of Civil Procedure 77(d) on November 13, 2009. Thus,

3

180 days after the judgment (180 days after December 6, 2007, is June 3, 2008), is the earlier date by which the motion must be filed. The instant motion to reopen the time to file and appeal was filed more than one year late. Because Julian's request to reopen the time to file an appeal is untimely, this Court is without authority to reopen the time to appeal. *See Tinsley v. City of Indianapolis*, 92 F.3d 1187, 1996 WL 417562, No. 95-2877 (7th Cir. (Ind.) July 23, 1996).

CONCLUSION

For the aforementioned reasons, the Motion to Reopen is **DENIED.**

**DATED: December 8, 2009**          /s/ RUDY LOZANO, Judge
                                     **United States District Court**